[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in New Haven, Connecticut on August 11, 2000. By complaint dated August 2, 2002, the Wife instituted this action claiming a dissolution of marriage, joint custody of the minor child, a fair division of the property and debts, alimony, child support and other relief as law and equity might provide. The Husband filed an Appearance and proceeded pro se.
One minor child was born issue of this marriage: Keegan, born April 19, 2002. The Husband is age 29 and in good health. The Wife is age 26 and in good health. Both are employed, the Husband is a glazier earning approximately $21.00 per hour and the Wife is a teacher.
It serves no purpose to discuss the causes for the breakdown of this marriage, except to say that both parties are equally responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
 DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on March 4, 2003.
CUSTODY/VISITATION
On December 18, 2002, the parties entered into an Agreement in regards to custody and visitation. These orders shall become the orders of this CT Page 3035 court. The parties shall return to court on July 16, 2003 to enter orders in accordance with an agreement or for a hearing on the issue of overnight visitation. The parties shall meet with Family Relations, two weeks prior to the July 16, 2003 date for mediation in regards to the issue of overnight visits.
The Husband and the Wife shall have joint legal custody of the minor child. The child shall primarily reside with the Wife. The Husband and the Wife shall consult with each other and each has an affirmative obligation to discuss all major issues affecting the child's health, education and welfare, with a view towards and the goal of arriving at a harmonious policy which they can agree upon calculated to promote the best interest of the child.
Neither party shall relocate more than 30 miles from their present location, without giving the other party 60 days prior written notice of their intent to relocate.
Both parties shall immediately inform the other of any change in their address or telephone number.
 CHILD SUPPORT
The Husband shall pay to the Wife the sum of $130.00 per week as child support for the child, said sum being in compliance with the Child Support Guidelines. An order for an immediate income withholding shall enter.
The obligations of support and maintenance of the minor child shall terminate when the child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that the child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, which ever occurs first.
 ALIMONY
By agreement of the parties, neither party shall pay alimony to the other. Both parties understand that with this waiver, neither may return CT Page 3036 to this Court or to any other court any time in the future for an order of alimony, no matter what the circumstances may be at that time.
POST SECONDARY EDUCATIONAL SUPPORT ORDER (P.A. 02-128)
Attached hereto and made a part hereof,1* is an Agreement signed by both parties, wherein the parties are requesting that the Court retain jurisdiction to consider the issue of an educational support order at a future time, pursuant to P.A. 02-128.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILD
The Wife shall maintain, at her sole expense, the present medical/dental insurance for the child as long as she has such insurance available to her through her employment, at a reasonable cost. The Wife's insurance shall be the primary insurance for the child. The Wife shall maintain the primary medical/dental insurance for the child pursuant toP.A. 02-128, as long as it is available to her through her employment and at a reasonable cost.
The Husband shall maintain medical/dental insurance for the minor child as long as he is obligated to pay child support and pursuant toP.A. 02-128, as long as said insurance is available to him through his employment and at a reasonable cost. The Husband's insurance shall be considered the secondary insurance for the minor child.
Pursuant to the Child Support Guidelines, the Husband shall pay 50% of the unreimbursed medical/dental expenses and the Wife shall pay 50% of same, after the Wife has paid the first $100.00 of such costs each year.
The Wife shall not contract for any extraordinary expenses for the child without first consulting with the Husband, except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE AND HUSBAND
The Wife shall be responsible for her own medical insurance coverage. The Husband shall be responsible for his own medical insurance coverage.
 LIFE INSURANCE
There are currently policies of life insurance in place for each party. The face value of the Wife's policy is $205,000.00 and the CT Page 3037 Husband's is $194,000.00. These policies are presently joined together. The Husband shall take all necessary steps to separate these policies while maintaining the present face values. If the Husband is unable to maintain the present face value for his and the Wife's policies, at the price being paid when the policies were joined, then each party shall maintain a policy of insurance equal to the premiums they had been paying for their respective policy prior to the separation.
Therefore, the Wife shall maintain her policy of life insurance and be solely responsible for the cost of same. The Wife shall designate the child as the sole beneficiary until the child attains the age of eighteen, marries, dies or otherwise becomes emancipated. Notwithstanding that the child has reached the age of eighteen (18) years, if the child is a full time high school student, the obligation to maintain the life insurance continues until the child reaches the age of nineteen (19) years or graduates from high school, which ever occurs first.
The Husband shall maintain his policy of life insurance and be solely responsible for the cost of same, designating the child as the sole beneficiary for as long as he is obligated to pay child support.
Each party shall provide to the other party proof of the maintenance of their respective policies of life insurance as ordered above, on an annual basis.
 PERSONAL PROPERTY
The parties have previously divided their personal property, with the exception of the child's five or six drawer dresser. The Husband shall be entitled to retain said piece of personal property.
HUSBAND'S GREEN CARD
Both the Husband and the Wife shall seek to locate the Husband's Green Card. If they are unable to locate same, the Husband shall take all necessary steps to replace his Green Card. However, both parties shall cooperate in seeking a replacement Green Card for the Husband.
 DIVISION OF DEBTS
The Husband shall be solely responsible for the debt to Seamen's furniture and shall indemnify and hold the Wife harmless in regards to same. This provision, although set out in the personal property section, shall be considered as spousal support and therefore the parties CT Page 3038 understand that this obligation shall not be discharged in any bankruptcy proceeding.
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
 AUTOMOBILES
The Wife shall retain her 2000 Nissan Altima, free and clear of any claim by the Husband. The Wife shall be solely responsible for the loan on said car.
The Husband shall retain his 2000 Pontiac Sunbird, free and clear of any claim by the Wife. The Husband shall be solely responsible for the loan on said car and indemnify and hold the Wife harmless in regards to said loan. If the Husband fails to make two consecutive monthly payments on said loan, the Husband shall immediately transfer the car to the Wife to be hers free and clear of any claim by the Husband and she shall thereafter be solely responsible for the loan on the car and indemnify and hold the Husband harmless in regards to same.
The automobile insurance is paid up to June 1, 2003. Thereafter, each party shall obtain their own car insurance and be responsible for the payment of same.
 ATTORNEY FEES
The Wife shall be solely responsible for her own attorney fees.
 TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter. In the past the parties filed joint tax returns. If there is any liability, cost, or penalty associated with the previous filings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and indemnify and hold the other party harmless from same.
The parties shall alternate taking the child as a dependent for income tax purposes; Husband in odd numbered tax years and the Wife in even numbered tax years. Therefore, the Wife shall take the child as a dependent for the income tax year of 2002.
BANK ACCOUNTS, PENSIONS, IRA, ANNUITIES CT Page 3039
Each party shall retain all bank accounts, pensions, IRAs and annuities as listed on their respective financial affidavits, free and clear of any claim by the other party.
The Wife shall retain the proceeds from the settlement of her personal injury matter. The Wife received the proceeds during the course of the dissolution. She testified at trial that the amount was $4,000.00.
 MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Frankel, J.